United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Isis Abigail Hernandez Franco, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-1096 |
| | § | |
| Joe Garcia, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Isis Abigail Hernandez Franco is a native and citizen of Honduras who concedes that she entered the United States unlawfully in 2023. Docs. 12 at 2 & 7, 13 at 2, 13-1 ¶¶ 2 & 5, 13-2 at 2, 15 at 3. She was served with a Notice to Appear and subsequently released on an order of recognizance. Docs. 12 at 7, 13 at 2, 13-1 ¶ 5. In either May or June 2025, Petitioner was brought into the Department of Homeland Security's custody and transferred to the Houston Contract Detention Facility in Houston, Texas. Docs. 12 at 7, 13 at 2, 13-1 ¶¶ 7–10.[2] On October 6, 2025, an immigration judge denied Petitioner's

---

[1] The Petition names Kristi Noem in her official capacity as Secretary of the United States Department of Homeland Security and Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Ms. Noem and Mr. Bradford ceased to hold these offices while this action remained pending, so the Court substitutes their successors: Markwayne Mullin and Patrick Contreras. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet to (1) replace Ms. Noem's name with Markwayne Mullin's and (2) replace Mr. Bradford's name with that of his successor, Patrick Contreras.

[2] The parties disagree as to how Petitioner came into Respondents' custody. *Compare* Doc. 12 ¶ 2 ("On May 30, 2025, without notice or warning, [Petitioner] was seized by federal authorities, arrested, and detained."), *with* Doc. 13-1 ¶¶ 7–10 (contending that Petitioner was brought into

applications for asylum, withholding of removal, and deferral of removal, and ordered Petitioner removed to Honduras. Doc. 13-1 ¶ 11. Petitioner appealed the removal order to the Board of Immigration Appeals, where the appeal remains pending. *Id.* Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates both substantive and procedural due process.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 13, to which Petitioner has responded in opposition and cross-moved for summary judgment and injunctive relief, Doc. 15. Respondents maintain that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See* Doc. 13; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

First, this Court has previously resolved the precise due process challenges that Petitioner raised in her First Amended Petition, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234, at *6 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a

---

county jail on state charges before being taken into Respondents' custody on June 9, 2025, on an immigration detainer). To the extent this raises a factual dispute, it is not a material one. The Court's decision on Petitioner's claims does not turn on whether Petitioner was immediately detained by Respondents on May 30, 2025, or was instead brought into their custody on June 9, 2025, under an immigration detainer.

constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

In her Response to the Motion for Summary Judgment, however, Petitioner raised a new challenge to her confinement—that her pending application for temporary status pursuant to 8 U.S.C. § 1101(a)(15)(U) [4] (her "U visa application") renders her detention and eventual deportation a violation of the Administrative Procedure Act ("APA") and the Constitution. *See* Doc. 15. The Court construes Petitioner's claims as seeking relief under the preliminary injunction issued in *Immigr. Center for Women and Children v. Noem*, whereby the Central District of California sought to certify a nationwide class of aliens with pending U visa applications and stay the Administration's policies facilitating the applicants' removal.[5] No. 2:25-cv-9848-AB-AS, 2026 WL 1455004 (C.D. Cal May 20,

---

[3] To the extent Petitioner argues her present detention constitutes "arbitrary and capricious" government action violative of either the Fifth Amendment's Due Process Clause or the *Accardi* Doctrine, *see* Doc. 12 ¶ 64, the Court also considered and rejected these arguments. *Campos Bernal*, 2026 WL 1804234, at *4 n.4, *7.

[4] Petitioner's claim that the record is "undisputed" that she "has a pending U visa petition that has not been denied," Doc. 15 at 7, is also not supported by competent summary judgment evidence. The Amended Petition does not reference the application or specifically adopt or incorporate the original Petition by reference. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). And even if the Court considered the original Petition, at most, it offers evidence that Petitioner was a victim of aggravated assault, Doc. 1-7, and has attempted to receive the requisite certifications so that she can submit a U visa application, Doc. 1-8. It does not demonstrate that she has, in fact, completed and filed the application.

[5] Petitioner specifically asserts that "[t]he Court certified a class and granted in part a preliminary injunction, requiring changes in the way DHS, ICE, and USCIS treat" individuals with pending U visa applications. Doc. 15 at 8. This Court has not certified such a class or granted the preliminary

2026).

At the outset, Petitioner's new challenge is improper, as "[a] claim which is not raised in the [operative pleading] but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005).

Even so, this Court is neither bound by *Immigration Center for Women and Children* nor inclined to follow its reasoning. As the Court explained when rejecting a habeas petition asserting membership in the class certified by the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026), "[t]he Central District's attempt to use class certification to bind every district court in the Nation adjudicating alien detention amounts to an impermissible advisory opinion," and "to adhere to the Central District's orders would require this Court to act in defiance of Supreme Court precedent." *See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026) (Doc. 11 at 2) (citing *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022); *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)). The same reasoning holds true here.

Instead, neither the APA nor the Constitution is violated by Petitioner's detention during removal proceedings. To start, Petitioner's argument that the Court can set aside or

---

injunction described in Petitioner's response, but the Central District of California has. *See Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").

enjoin *removal* is foreclosed by the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733 (5th Cir. 2005); *see also* 8 U.S.C. § 1252(a)(5). Next, as noted above, pre-removal-order detention is a constitutionally permissible part of the removal process. *See Campos*, 2026 WL 1804234, at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). And finally, this Court has held that habeas, rather than the APA, is the proper vehicle for aliens seeking relief from pre-removal-order detention. *See id.* at *6.

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. All other pending motions are DENIED AS MOOT. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of July, 2026.

Nicholas J. Ganjei
United States District Judge